Good morning, your honors. May it please the court. Elizabeth Richardson Royer on behalf of the opponent. I will watch the clock, but I plan to reserve two minutes for rebuttal. The overarching issue in this case is whether the district court abuses discretion by imposing restitution awards that exceeded the losses approximately caused by this defendant. And the court's errors can be grouped into two groups. The first has to do with errors in calculating the starting loss amount. And the second has to do with errors in determining this defendant's share of the loss amount. Today, I plan to focus on the latter errors, the errors in determining this defendant's share. And in particular, three errors. The first is that the court refused... The first set of errors was a desegregation error? I'm sorry? The first one, the one you didn't want to talk about, or you weren't going to talk about, is the desegregation error. I'm happy to talk about it. I'm just trying to identify what's included in that. The lack of desegregation between the distribution and the initial harm, right? Right. I'm just wondering if that's preserved. It's... I believe it is preserved. And so... I don't need you to talk about the merits of that. I understand. But maybe you could spend a minute or two explaining to me why that's preserved. Counsel didn't make a specific objection calling for the court to disaggregate those amounts. That's true. But counsel did object to the restitution amount. When the government initially submitted the restitution request for the victim, Vicki, counsel said... That's a lot. Sorry? That's a lot. Right. But didn't say why. Didn't explain that there were two kinds of harms involved. And that's the kind of thing that if you present it to the district court, the district court can make factual findings. I think the error could have been more specifically preserved. But counsel did say, based on the materials that have been presented by the government, the government has failed to show an approximate cause with respect to this victim. In the defendant's brief on restitution, the defense said, based on the information that we have, the Paroline standard is completely unworkable. And I think those objections are sufficient. But even if they're not, this is plain error. And the fact that the Supreme Court of Paroline said, we take the aggregate loss from the defendant's conduct, and then we look at what the share is. And this court started from a loss amount that was primarily due to the initial abuse and not to the distribution. How do we know that? If we look at the expert reports that were submitted with respect to Vicki, and particularly with respect to the victims John Doe 1 and 2, with respect to those victims, all of the experts said, we are limiting our loss amount to the loss caused by the initial abuse. That's not just a failure to disaggregate, that's a complete failure of proof. And with respect to Vicki 2, these experts are looking at the effect of the creation and then distribution of these images, and they're looking at the total loss amount from all of that. So on victim J, I think they did say that it was based on the effect of continuing trafficking of images. Is that right? That's correct. And so the disaggregation challenges with respect to Vicki and the John Doe's 1 and 2. And so your main concerns about victim J are that the district court didn't go through all of the factors that Paroline thought were relevant. Is that correct? That's correct, except I would phrase it a little bit differently. The district court failed to go through almost any of the factors that the court in Paroline identified as relevant. The court failed to look at the broader category of offenders, including those who will not be apprehended and in fact refuse to do so. The court failed to look at the appropriate number of future offenders. The court failed to look at this defendant's minor role compared to the initial abuser and the distributors of these images. And so the only thing that the court really looked at was the number of criminal defendants who had been convicted and then doubled that, which is a vast understatement of the number of defendants who will likely be convicted in the future. So the court really failed to consider what the approximately caused losses were with respect to that victim as well as the others. And so with respect to, I think, culpability is, well, the errors are all obvious here, but with respect to culpability, the court actually said that it didn't matter what this was a mere possessor, not a distributor, not a creator. The court said it really doesn't matter. And the government actually offered to show the court, you know, to determine whether there was distribution or not. The court said it doesn't matter. This is the restitution award. And that is clearly an abuse of discretion under Paroline. So Paroline says, well, district courts are good at this. We know it's hard. But district courts are good at sort of looking at all the circumstances and figuring out what the relative causal responsibility is. And we're not going to put on green eye shades and all of that. The briefs that you provided suggest, no, you do need to look at each of these or some of these. What actually are you suggesting in light of Paroline saying, no, you just district courts are good at it, we'll defer to them? I'm not proposing a hardline rule that the district court has to consider a certain number of these factors or has to consider them in a certain way or a certain order. But the district court does have an obligation to consider what proportion of these losses approximately caused by the defendant. And to the extent they do that in a way that's adequate- They don't really say that, right? It comports with the defendant's role in the causal process or something like that. So it doesn't suggest that there's any specific factors that have to be looked at. And so how do we know that there's one factor? Like we say in the 3553A when we're looking at the criminals, like, oh, you don't have to tick off every factor. You just have to mention a few. And here the district court did mention two, how many defendants there were and then how many future defendants there might be. Why isn't that enough? And if it's not enough, what rule would we look at? It's not enough because particularly where you have victims like these who a large proportion of their harm is due to the vast number of offenders, it really doesn't accomplish what the court was calling for the district courts to accomplish through the use of their discretion and their expertise in doing these kinds of things. And so there may be a case in which consideration of just one factor is enough, but based on the facts of this case and based on the losses that these victims suffered, the courts look at just the number of convicted offenders and the potential number of future offenders for two of the sets of victims is insufficient. And so I think we have to take it on a case-by-case basis and look at whether what the district court did accomplished what the court wanted the district court to do in Paroline. And I think Your Honor mentioned that the court talked about the defendants role in the causal chain that caused the losses, and that's true, but the court's holding was also very clear that there has to be proximate cause in order for losses to be attributed to a defendant. And that is the court's holding. And to the extent that the district court orders restitution... But the proximate cause, Paroline says, is just if there was trade in images, he had some part in that. I mean, Paroline is not very specific about proximate causation. That's correct, but it doesn't say that it doesn't matter. And when you look at what happened in this case where the court started with a loss amount that wasn't caused by the distribution in these images at all, and then really failed to carefully look at what this particular defendant's role was and even refused to do so, that's an abuse of discretion. And I think one of the things that the court said in Paroline, just before I wrap up and save the remainder of my time, is that we don't do a mechanical arithmetic problem here. And that's exactly what the court did. The court said, this is the loss amount for Vicki. Here are the number of people who've been convicted. We divide it, and we're done. And that's improper. That's an abuse of discretion. Thank you. Okay, we'll hear from the government. May it please the court, Jerry Yang on behalf of the United States. Defendant, in their arguments, attempts to convert the permissive and discretionary language from Paroline into a rigid and mathematical formula that the Supreme Court expressly rejected. You do agree that, insofar as some of the harm suffered by the victims was caused by the initial misconduct, the taking of the picture, the actual sexual abuse and so on, then that can't be attributed to this defendant. The initial sexual abuse, Your Honor, that Your Honor is referring to. Yes, Your Honor, that harm... I'm not too quibble with your words. It's not just the sexual abuse, but the sexual abuse put on film and released to the public. I mean, the whole conduct of the initial abuser, which had the physical aspects of it, and also the starting and distribution. All of that can't be attributed. None of that can be attributed to this defendant, right? I think, Your Honor, to the extent that that is segregable, that type of loss, yes, that would be loss that predates defendant's conduct, which is the possession of those images. Okay, so isn't it pretty clear that, at least as to some of the victims here, the district court failed to disaggregate that damage from the total damage calculation? Your Honor, I don't believe that that would be an accurate assessment. First of all, Your Honor, I never saw that issue at the district court level, never spotted that issue. In fact, defendant actually proposed, and I don't want to overstate this, Your Honor, but the defendant counsel proposed a loss... I understand you are now answering a different question than the question I asked. I asked a question, and you are giving me an answer on a different question. You're answering the question I asked your opposing counsel. Now, I'm still waiting for an answer to my question. I don't know why you choose to answer a different question, but why don't you go ahead and answer my question, and then you can tell me anything else you want. Do you remember the question I asked? Yes, Your Honor. Okay, so let's start by answering that question, and then you can tell me more if you want. I apologize for that, Your Honor. Your Honor, the district court did not attribute those losses improperly to defendant. That wasn't my question. The question is, did the district court fail to separate out? I didn't ask anything about improper or anything else. Did the district court not fail to separate out the initial harm, which is not attributable to the defendant in making its calculations? Yes, Your Honor, the district court failed to parse that out. Okay, so that took a long time to get out of you. So, given that that is the case, and given that you've agreed that the defendant can't be held responsible for that harm, why isn't that reversible error right there? And you can start, waive, or you can tell me whatever reasons you think there are. Certainly. Thank you, Your Honor. And Your Honor, that's what I would start with, is that defendant, and I don't want to overstate this again, Your Honor, but defendant... Then don't overstate it. Just say what you're going to say, and don't overstate it. Thank you, Your Honor. Defendant didn't raise that issue before the district court. Okay, so you think it's waived? It's forfeited, Your Honor. Waived, forfeited, right. Okay. In fact, defendant actually suggested... The reply they have, or retort they have, is it's a question of law, and this is the kind of thing we can consider now. If it's wrong, it's wrong. And since you've already admitted the factual aspect of it, that in fact district court didn't disaggregate, this is a legal issue, we can take our legal issues on appeal, we can waive the waiver, right? Correct. So let's say we do that. I'm not sure we will, but let's say we do that. What's your next response? Your Honor, my response is that the defense actually suggested that under their approach, the victim in those cases would actually receive a higher amount of restitution. Specifically, the defense basically said that there would be approximately 2,000 future and current defendants ordered to pay restitution, and each of them were ordered to pay $1,000, which is the figure the defendant suggested. Then the victim would end up receiving over $2 million in restitution, which is an amount that's greater than what the victim had been seeking. That's my first response, Your Honor. And the second response is, apparently... I don't understand your first response at all. What does that have to do with the argument here? My point is, Your Honor, the defendant was inviting the district court to use a higher restitution figure than what the government and the victim... Well, a higher total restitution figure, but a restitution figure that attributed to him a lower amount. So the fact that the defendant projected future harms that are greater doesn't say anything at all about the improper use of this other restitution damages component that the district court... I don't see any way in which doing the one in any way forfeits the other claim. Your Honor, to clarify, right now we're discussing the total loss and the failure to segregate the sexual abuse and initial losses and the parts that the defendant should be liable for. That's what we're doing, yes. So we're talking about the aggregate losses, and in that case, defendant's calculation, which at the district court level, defendant was proposing numbers in the context of his own individual role, but nonetheless under his calculations, he argued to the district court that that would result in a total recovery for the victim that's in a greater amount than the... But the district court didn't accept the defense calculation. It went with the government's, right? That's correct, Your Honor. So my concern is, for example, the John Does, the amount of loss that was suggested by the government was based on sexual abuse only, according to my notes. So what do we do with that? I mean, under Paroline, that would be incorrect basis for restitution here. Your Honor, as more formally set forth in my brief, but first of all, the John Does 1 and 2 did suffer losses that were from the sexual abuse, but in some sense, it was almost inextricably intertwined with defendant's conduct, which is basically the possession of those images. And the attorney for the John Does 1 and 2, speaking on behalf of the attorney's clients, made that point, that the harm continues stemming from that sexual abuse. But they didn't provide information about losses attributable to trafficking in the victim's images, which is what victim J's expert did. So how was the district court supposed to determine or base the restitution order? I mean, wouldn't it be an error to base it on the amount of loss based on sexual abuse only? Your Honor, based on what the victims, through their attorney, stated for John Does 1 and 2, they sort of hitched the possession of the images onto the initial sexual abuse. So are you saying that it's a harmless error? I'm not sure what would be the basis for saying, well, it's okay, even though the district court based the restitution amount on losses attributable to the initial harm, it doesn't matter because they also suffered other losses that are probably in the same amount. Is that what you're saying? That's not quite what I'm saying, Your Honor. What I'm saying is that, and I don't have the language right in front of me, but the victims, through their attorney, said that the subsequent losses, the trafficking in child porn, knowing that their images were trafficked, that that continues to... That compounded the harm, but they didn't explain how you would determine how much the compounding was. So don't we just have to say the district court based its restitution amount on the wrong number for losses? My reading of the victim's statement was that the losses were more or less intertwined with the initial sexual abuse. Thank you. Thank you. Thank you. We have a little time left. Okay. I think it's clear to the court, but I want to leave absolutely no doubt that all of the losses suffered by John Doe's 1 and 2 were caused by the initial abuse and creation of the videos alone. Before the trial court, counsel recommended an award of $1,000, correct? Correct. And the government was able to obtain $5,000, correct? Correct. So really the question then, isn't the question for us, is that $4,000 delta? Was that either plain error or an abuse of discretion in this case? That's one way to look at it. I'm not sure that we're bound by the $1,000. It was proposed as a sort of nominal fee, not tied to any specific loss amount, because the defense was frustrated with the government's proof. Is that what it says in the filing with the district court, that this is just a made-up amount because the defense is frustrated with the government? There is no calculation stemming from the loss that reaches that $1,000. Well, I guess I'm just concerned when something's filed in the district court saying one thing and then you come to this court and you say, well, that was just a made-up number because we were frustrated and we can do this all over again. I think, you know, if the court were to say that we are bound to the $1,000 limit, that still requires reversal in this case. But I think that the defense at the restitution hearing objected to the government's calculations, objected to the court's calculations, and that is actually what happened. And so those were objected to. And whether we're talking about a $4,000 difference or a $5,000 difference, it's reversible error either way. And I see that I'm over, so I just would request that the report be vacated. Thank you. Thank you. The case is signed and will stand submitted.
judges: Kozinski, Ikuta, Owens